CASE 26—PETITION—NOVEMBER 14.

## Howard. v. Fuller &c.

### APPEAL FROM KNOTT CIRCUIT COURT.

1. JUSTICE'S COURT—COLLECTION OF FINE BY FILING COPY OF JUDGMENT IN CIRCUIT CLERK'S OFFICE.—Where a fine is imposed in behalf of the Commonwealth in a justice's court, and the defendant executes a bond with surety therefor, and an execution thereon is returned no property found, the attorney or representative of the Commonwealth may file in the office of the clerk of the circuit court a certified copy of the judgment, execution and return, and thereupon the plaintiff shall be entitled to the same remedies for the collection of the judgment as if it had been rendered in the circuit court. While the section authorizing this procedure is found in the Civil Code (sec. 723), the law is a gen-

eral one, and embraces executions in favor of the Commonwealth as well as of individuals.

G. W. HOWARD FOR APPELLANT.

1. Officers can not be held responsible for costs in an effort to enforce a judgment in favor of the Commonwealth.
2. Section 723 of Civil Code clearly gives the right of transcript from inferior to superior courts.
3. Replevying a judgment in favor of the Commonwealth for a violation of the law makes it a civil debt.
4. The court erred in not sustaining demurrer to plaintiff's petition and in sustaining demurrer to defendant's answer.

W. J. HENDRICK ON SAME SIDE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT:

Where a fine is imposed in behalf of the Commonwealth in a justice's court and judgment for money is rendered, the defendant may execute bond with surety in satisfaction thereof "for the same time and substantially of the same form and (which) shall have the same force and effect as a replevin bond." Section 305, Criminal Code.

If an execution upon the bond be issued, and in due course be returned in substance "no property found, etc.," the attorney or other representative of the Commonwealth may file in the office of the clerk of the circuit court a certified copy of the judgment, execution and return, and thereupon the plaintiff shall be entitled to the same remedies for the collection of the judgment as if it had been rendered in the circuit court. While the section authorizing such a procedure is found in the Civil Code (section 723) the law is a general one and embraces executions in favor of the Commonwealth as well as of individuals.

In this case judgment in favor of the Commonwealth was rendered in a magistrate's court in Knott county against L. D. Fuller for $100 and costs in a prosecution against him for violating the "local option" law.    The defendant replevied the judgment, with Archibald Fuller as his surety, and thereafter prosecuted an appeal from the judgment to the Knott Circuit Court, where the appeal appears to have been dismissed.    The execution which issued upon the bond having been returned "no property found to satisfy it," the county attorney procured the copies of the record required by section 723, *supra*, and caused an execution to issue from the circuit court clerk's office as that section authorizes.

When the sheriff was about to sell the land of the defendants in the suit they instituted this action to stop the sale, alleging that the prosecution of the case against Fuller was dismissed in the circuit court and the defendant discharged.    A demurrer to the petition was therefore overruled, but the answer disclosed that not the prosecution of the case but the defendant's appeal was dismissed.

A demurrer to the answer, however, was sustained and the sale perpetually enjoined.    This, we are told, was upon the theory that section 723 of the Civil Code does not authorize the steps taken by the county attorney looking to the collection of the judgment.    This, as we have seen, was error, and the demurrer to the answer should have been overruled.    Whether the case was dismissed in the circuit court or only the defendant's appeal we are not able to say, as the order of that

court is not in the record before us.   This issue may be tried out on the return of the case.

The judgment is reversed for proceedings consistent herewith.